IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 23 2015

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

| | |
|---|---|
| EDWARD GARRETT,                        § | |
| § | |
| Petitioner,                § | |
| § | |
| v.                                     § | No. 4:14-CV-1000-A |
| § | |
| WILLIAM STEPHENS, Director,            § | |
| Texas Department of Criminal           § | |
| Justice, Correctional                  § | |
| Institutions Division,                 § | |
| § | |
| Respondent.               § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Edward Garrett, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ.[1] After having considered the pleadings, state court records, and relief sought by petitioner, the Court has concluded that the petition should be dismissed as time-barred.

I. Factual and Procedural History

On July 12, 2013, in Hood County, Texas, Case No. CR12362,

---

[1] TDCJ's website reflects that petitioner has been moved to the Havins Unit, 500 FM 45 East, Brownwood, Texas 76801. The clerk of Court is directed to docket and change petitioner's address accordingly.

petitioner waived his right to a jury trial, entered an open plea of guilty to felony driving while intoxicated (DWI) and was sentenced to 18 years' confinement. Adm. R. 71, ECF No. 15-3. Petitioner did not directly appeal his conviction or sentence. Pet. 3, ECF No. 1. On July 11, 2014, petitioner filed a state habeas application challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals on September 17, 2014, without written order.[2] Adm. R. 38, ECF No. 15-3. This federal petition for habeas relief challenging his state conviction and sentence was filed on December 1, 2014.[3] Pet. 10, ECF No. 1.

In four grounds, petitioner claims his sentence is illegal because the state relied on two prior DWI convictions that were not final to enhance his charge (ground one); he received ineffective assistance of trial counsel, thereby rendering his

---

[2]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner on July 11, 2014; thus, for purposes of this opinion, the undersigned deems the state application filed on that date.

[3]Likewise, a pro se habeas petition filed in federal court by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

plea involuntary (grounds two and three); and the state and trial court abused their discretion by using his prior DWI convictions to enhance his charge. Pet. 6-7, ECF No. 1.

## II. Statute of Limitations

Respondent contends the petition is untimely. Resp't's Answer 4-7, ECF No. 8. Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

>discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claim involves events occurring before or during the plea proceedings, subsection (1)(A) applies. For purposes of this provision, petitioner's judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing a timely notice of appeal on Monday, August 12, 2013, and closed one year later on August 12, 2014, absent any applicable tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's habeas application, filed on July 11, 2014, and denied on September 17, 2014, tolled the limitations period for 69 days, making petitioner's federal petition due on or before October 20, 2014, as a matter of statutory tolling. 28 U.S.C. § 2244(d)(2). However, petitioner has neither alleged or demonstrated rare and exceptional circumstances that would justify further tolling as a matter of equity. For equitable

4

tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Petitioner did not file a reply to Respondent's response addressing the issue of limitations, and there is no evidence whatsoever in the record that he was prevented in some extraordinary way from asserting his rights in state or federal court. Petitioner has not demonstrated that he pursued his rights with "reasonable diligence" but extraordinary circumstances prevented him from filing a petition within the time allowed by the statute. *Holland*, 130 S. Ct. at 2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)).

Accordingly, petitioner's federal petition was due on or before October 20, 2014. His petition, filed on December 1, 2014, is therefore untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. The court further ORDERS that a

5

certificate of appealability be, and is hereby, denied.

SIGNED July 23, 2015.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE